UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2148-KK-SHKx** | Date: | February 10, 2025 |
| Title: | *Christine Johnson et al. v. Bumble Trading LLC et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss [Dkt. 13]**

## I.
## INTRODUCTION

On August 16, 2024, plaintiffs Christine Johnson and Diane Foster (collectively, "Plaintiffs") filed the operative class action Complaint in Riverside County Superior Court against defendants Bumble Trading, LLC ("Bumble"), Whitney Wolfe Herd, and Does 1-20 (collectively, "Defendants") asserting violations for discrimination on the basis of sex and sexual orientation in violation of California law.  ECF Docket No. ("Dkt.") 1-1, Complaint ("Compl.").  On October 23, 2024, Defendants filed the instant Motion to Dismiss ("Motion").  Dkt. 13.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.
## BACKGROUND

A.   PROCEDURAL HISTORY

On August 16, 2024, Plaintiffs initiated this class action by filing a Complaint against Defendants in Riverside County Superior Court, seeking statutory damages for violations of the Unruh Civil Rights Act.  Compl.  Plaintiffs raise the following claims:

> (1) **Cause of Action One:** Violation of California Civil Code Section 51 ("Unruh Act" or "Section 51"); and
>
> (2) **Cause of Action Two:** Violation of California Civil Code Section 51.5 ("Section 51.5").

Compl.

On October 9, 2024, Defendants filed a Notice of Removal and removed this action to this Court. Dkt. 1.

On October 23, 2024, Defendants filed the instant Motion, arguing Plaintiffs' causes of action fail to state a claim, Plaintiffs' proposed class period is partially time-barred, and Plaintiffs' allegations against defendant Herd fail to state a claim. Dkt. 13. On the same day, Defendants filed a Request for Judicial Notice along with the Declaration of Viola Trebicka, attaching exhibits for the request.[1]  Dkts. 14, 15.

This matter, thus, stands submitted.

**B.   RELEVANT FACTS**

The Complaint alleges the following facts:

Bumble is a smartphone-based dating application ("app") used by consumers worldwide, including California. Compl. ¶¶ 5, 13. When creating a Bumble profile, users upload photos, biographical information, and "self-identify their gender – male, female, or nonbinary – and then choose the people they desire to match with – male, female, or nonbinary." Id. ¶ 5. To find matches, users are presented with other members' profiles and swipe right on a profile to indicate positive interest and left on a profile to indicate lack of interest. Id. ¶ 6. When two different users swipe right on each other's profile, a match is made, and "the users can begin sending messages to each other directly through the app." Id.

Defendant Bumble's design and operating model "requires heterosexual female users to initiate direct message with a male match," id. ¶ 7, and "simultaneously prohibits heterosexual male

---

[1] A court may take judicial notice of documents extrinsic to the complaint if no party contests their authenticity and the complaint "necessarily relies" upon the documents, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006), or if the documents are matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Here, Defendants request this Court take judicial notice of portions of defendant Bumble's website and various news stories, which are attached as exhibits to the Declaration of Viola Trebicka. Dkts. 14, 15. However, these documents are neither relied upon by the Complaint nor matters of public record. Moreover, Plaintiffs contest the inclusion of these documents. Dkt. 18 at 8-11. Hence, relying upon these documents at this stage would be improper. Therefore, Defendants' Request for Judicial Notice is **DENIED**.

consumers from initiating contact with a female match." Id. ¶ 10.  However, this message initiation restriction does not apply to matches consisting of two female users.  Id. ¶¶ 7-10.  Specifically, "if a female user matches with another woman, [defendant Bumble] allow[s] either female to initiate contact with the other woman."  Id. ¶ 7.

Plaintiffs allege this messaging restriction "limit[s] their freedom to choose whether they make the first move[.]"  Id. ¶ 11.  Plaintiffs further allege defendant Bumble's business model is primarily "profit-driven," rather than in service to their stated goal of providing an online dating experience designed to "empower women."  Id. ¶ 22.  "[H]eterosexual women are not given the same experience as other users because they cannot simply match with a man and let him initiate contact with her without doing anything more . . . ."  Id. ¶ 18.  Furthermore, defendant Bumble's supplemental features (e.g., Compliments, Reactions, and SuperSwipe) fail to "provide heterosexual women equal use of the Bumble app."  Id. ¶ 23 (emphasis in original).

Plaintiffs Johnson and Foster, both heterosexual females, visited bumble.com between April 2023 and March 2024 "with the specific, bona fide intent of using Defendants' matchmaking services."  Id. ¶¶ 25, 26, 29, 30.  After encountering the abovementioned messaging restrictions and terms and conditions of the app, Plaintiffs "opted to not use [Bumble.]"  Id. ¶¶ 29, 30.

Plaintiffs, thus, seek to bring this class action "on behalf of all heterosexual female consumers seeking redress for Defendants' discriminatory policies and practices via [the Bumble app] . . . and has intentionally denied equal accommodations, advantages, facilities, privileges, or services based on Plaintiffs' and the putative class's sex and/or sexual orientation, which is prohibited by Civil Code section 51 and 51.5."[2]  Id. ¶ 28.

Accordingly, Plaintiffs estimate the putative class includes "tens of thousands to hundreds of thousands of members" among defendant Bumble's approximately 58 million users.  Id. ¶ 49.

---

[2] The putative class is defined as:

> All heterosexual females who, while in California, visited Defendants' bumble.com website or apps, including but not limited to Defendants' "About this App" page at software application download stores such as Apple's "App Store" and Google's "Play Store," with the intent of using Defendants' matchmaking software application and services, and encountered the discriminatory and restrictive terms and conditions that required heterosexual females to make initial contact with a male match, which thereby denied these female consumers full and equal accommodations, advantages, privileges, or services, or discriminated against such persons, based on the person's sex and/or sexual orientation causing them to not register, sign up, or otherwise use Defendants' dating services during the period beginning on August 17, 2021 through the date of trial of this matter.

Compl. ¶ 42.

# III.
# LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor, Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

# IV.
# DISCUSSION

**A.   PLAINTIFFS SUFFICIENTLY STATE CLAIMS FOR VIOLATIONS OF SECTIONS 51 AND 51.5 OF THE UNRUH CIVIL RIGHTS ACT**

    **1.   Applicable Law**

The Unruh Act provides that all persons, regardless of sex, race, color, religion, ancestry, national origin, disability, or medical condition, are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Inland Mediation Bd. v. City of Pomona, 158 F. Supp. 2d 1120, 1151 (C.D. Cal. 2001); see also Cal. Civ. Code § 51(B). The Legislature passed Section 51.5 to expand on Section 51 by "specifying forms of discrimination" prohibited under the Unruh Act. Strother v. S. California Permanente Med. Grp., 79 F.3d 859, 875 (9th Cir. 1996), as amended on denial of reh'g (Apr. 22, 1996), as amended on denial of reh'g (June 3, 1996) (quoting Roth v. Rhodes, 25 Cal. App. 4th 530, 537 (1994)); see also Semler v. Gen. Elec. Cap. Corp., 196 Cal. App. 4th 1380, 1404 (2011). "[T]he analysis under [Section] 51.5 is the same as the analysis" for Section 51. Semler, 196 Cal. App. 4th at 1404.

To state a claim under either statute, Plaintiffs must allege the following elements:

1. That Defendants denied, aided, incited a denial of, discriminated or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, or services to Plaintiffs;

    2.       That a substantial motivating reason for Defendants' conduct was its perception of Plaintiffs' sex, race, color, religion, ancestry, national origin, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, immigration status, or other actionable characteristic;

    3.       That Plaintiffs were harmed; and

    4.       That Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

See Morris v. O'Reilly Auto. Stores, Inc., No. EDCV 21-1060-FWS-KKx, 2022 WL 21737781, at *7 (C.D. Cal. June 10, 2022) (citing Judicial Council of California Civil Jury Instructions (2022) ("CACI") 3060, Unruh Civil Rights Act - Essential Factual Elements); see also CACI 3061.

"The Act applies not merely in situations where businesses exclude individuals altogether, but also where unequal treatment is the result of a business practice." Candelore v. Tinder, Inc., 19 Cal. App. 5th 1138, 1145-46 (2018) (internal citations and quotations omitted).

**2.    Analysis**

Here, Plaintiffs' alleged facts regarding Defendants' business conduct are sufficient to state a claim under the Unruh Act. First, Plaintiffs allege Defendants denied Plaintiffs full and equal accommodations on the basis of their sex and sexual orientation by denying "heterosexual women" the ability to "simply match with a man and let him initiate contact . . . without doing anything more." Comp. ¶ 18. "If a female [Bumble] user is heterosexual, Defendants require her to make the first move with male matches." Id. ¶ 7. But, "if a female user matches with another woman, Defendants allow either female to initiate contact with the other woman." Id. At this stage, these allegations are sufficient to establish Defendants denied Plaintiffs the same experience as other users based on their sex and sexual orientation.

Second, Plaintiffs sufficiently allege a "substantial motivating reason" for defendant Bumble's discriminatory conduct is the business's perception of its users' sex and sexual orientation. Users "self-identify their gender . . . and then choose the people they desire to match with." Id. ¶ 5. Based on this information, Bumble selectively implements, or declines to implement, restrictions governing which user may initiate a conversation when two users match. Id. Specifically, Bumble "requires heterosexual female users to initiate direct messaging with a male match," but does not require "[bisexual women seeking other women and lesbians] to send the initial message or make the first move to contact other female" users. Id. ¶ 7. These facts sufficiently allege Defendants acted intentionally to treat users differently based on perceived gender, sex, and sexual orientation. See Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1149 (1991) (holding plaintiffs "must plead and prove intentional discrimination" for claims under Section 51). Therefore, the facts as alleged are sufficient to show defendant Bumble is substantially motivated by its perception of users' sex and sexual orientation.

Third, for claims arising under the Unruh Act, harm is presumed. Koire v. Metro Car Wash, 40 Cal. 3d 24, 33 (1985) ("Unruh Civil Rights Act violations are per se injurious") (quoting CACI 3060); see also Civ. Code § 52(a) (establishing minimum statutory damages for every violation regardless of plaintiff's actual damages). Here, Plaintiffs allege they "and other similarly situated heterosexual female consumers have indeed been harmed and damages by Defendants' sex and

sexual orientation based business model by being denied equal accommodations, advantages, facilities, privilege, or services based on the consumers' sex and/or sexual orientation." Compl. ¶ 27. These facts are sufficient to allege harm.

Finally, Plaintiffs sufficiently allege Defendants' discriminatory conduct was a substantial factor in their harm. Between April 2023 and March 2024, Plaintiffs visited bumble.com to use "Defendants' matchmaking services." Id. ¶ 25. During those visits, Plaintiffs encountered Defendants' "restrictive terms and conditions that required [Plaintiffs] to send the initial message and/or make the first move after matching with a male Bumble user." Id. ¶¶ 25, 26. Plaintiffs "opted to not use Defendants' matchmaking app or services because of Defendants' discriminatory terms and conditions." Id. ¶¶ 25, 26. Thus, Plaintiffs have alleged a causal link between their treatment on the website and their harm. Candelore, 19 Cal. App. 5th at 1145-46 ("The Act applies . . . where unequal treatment is the result of a business practice," which includes "offering price discounts on an arbitrary basis to certain classes of individuals").

Accordingly, Defendants' Motion to Dismiss Causes of Action One and Two for failure to state a claim is **DENIED**.

**B.     PLAINTIFFS' CLAIMS UNDER CALIFORNIA CIVIL CODE SECTIONS 51 AND 51.5 ARE PARTIALLY TIME-BARRED**

   **1.     Applicable law**

Causes of action arising under Section 51 are subject to a two-year statute of limitations. Cal. Code of Civ. P. § 335.1; see also Est. of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 525 (9th Cir. 2018) ("Unruh Act suits that, as here, allege discrimination in public accommodations are likewise subject to this two-year period."). In addition, causes of action arising under Section 51.5 are also subject to a two-year statute of limitations. Fair v. Rosen, 2024 WL 4800693, at *5 n.3 (C.D. Cal. Aug. 20, 2024) (rejecting plaintiffs' argument that a three-year statute of limitations applies for Section 51.5 claims); see also Hartline v. National University, 2015 WL 4716491, at *4 (E.D. Cal. Aug. 7, 2015), adopted, 2016 WL 426643 (E.D. Cal. Feb. 4, 2016).

   **2.     Analysis**

Here, Plaintiffs' claims under Sections 51 and 51.5 are partially time-barred. Plaintiffs seek to bring this action upon a class for "a period beginning on August 17, 2021 through the date of trial of this matter." Compl. ¶ 42. However, any claims prior to August 17, 2022, which is two years prior to the date Plaintiffs initiated this action, are time-barred. Est. of Stern, 725 F. App'x at 525.

Accordingly, Defendants' Motion to Dismiss Causes of Action One and Two as time-barred is **GRANTED** with respect to claims arising prior to August 17, 2022.

**C.     PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HERD**

   **1.     Applicable law**

When individuals "actively participate in the discriminatory acts," they may be found individually liable. Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 849 (9th Cir.

2004) (affirming a concert hall owner was individually liable for a violation of the Unruh Act when a patron was denied admission with a service animal).  Additionally, under California law, a person can be liable for aiding and abetting violations of civil rights laws.  Liapes v. Facebook, Inc., 95 Cal. App. 5th 910, 922 (2023)  ("a person who aids and abets the commission of an offense, such as an intentional tort, may be liable if the person knows the other's conduct constitutes a breach of duty or gives substantial assistance or encouragement to the other to act" or "gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person") (internal quotation marks omitted); see also CACI 3060.

    **2.    Analysis**

Here, Plaintiffs seek to bring claims against individual defendant Herd.  However, of the seventy-five paragraphs in the Complaint, only three mention defendant Herd.  First, Paragraph 8 merely alleges defendant Herd's position as the CEO prior to current CEO Lidiane Jones.  Compl. ¶ 8.  Second, Paragraph 32 merely alleges "upon information and belief" various facts regarding defendant Herd's general role as founder and CEO of Bumble.  Id. ¶ 32.  To the extent the paragraph references defendant Bumble's alleged discriminatory practice and defendant Herd's aid in said discriminatory practices, the allegations are speculative and conclusory.  Iqbal, 556 U.S. at 678.  Finally, Paragraph 63, as discussed further below, consists of wholly irrelevant factual allegations which appear to be for the sole purpose of embarrassing and harassing defendant Herd.  Notably, Plaintiffs' Opposition devotes a mere five lines to defending their claims against defendant Herd and fails to cite a single authority in support of such claims.  Opposition at 25.  Ultimately, the sparse and conclusory allegations regarding defendant Herd fail to allege facts sufficient to conclude defendant Herd was an "active participant" or gave "substantial assistance" to another in committing the alleged discrimination.

Thus, Plaintiffs fail to state a claim against defendant Herd.  However, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency."  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).  In addition, leave to amend would not prejudice defendants or produce undue delay.  Accordingly, Defendants' Motion to Dismiss the claims against defendant Herd is **GRANTED WITH LEAVE TO AMEND**.

Finally, as noted above, paragraph 63 of the Complaint is entirely "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Among other things, with the exception of the final sentence that refers to the date defendant Herd launched Bumble (which is wholly redundant of the allegation contained in paragraph 32), the entire paragraph consists of allegations that have no bearing on the issues before the Court and appear intended to needlessly embarrass and shame defendant Herd.  Moreover, the Court seriously questions whether defendant Herd was named as a defendant solely to harass.  Plaintiffs and their Counsel are, therefore, ordered to show cause in writing why they should not each be sanctioned in the amount of $1000.00 for their intentional and deliberate violation of the federal rules and rules of civility and professional conduct.

///

///

# V.
# CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion to dismiss Plaintiffs' claims for violations of Sections 51 and 51.5 of the Unruh Act is **DENIED**;

2. Defendants' motion to dismiss Plaintiffs' claims as time-barred is **GRANTED** with respect to claims arising prior to August 17, 2022;

3. Defendants' motion to dismiss Plaintiffs' claims against defendant Herd is **GRANTED** with leave to amend; and

4. Plaintiffs and their Counsel are Ordered to Show Cause in writing no later than 10 days from the date of this Order why they should not each be sanctioned in the amount of $1000.00 for their intentional and deliberate violation of the federal rules and rules of civility and professional conduct by alleging "redundant, immaterial, impertinent, or scandalous" purported facts that have no relevance to the instant matter and appear solely to needlessly harass, embarrass, and shame. Failure to file a written response will result in monetary sanctions in the amount of $1000.00 each.

**IT IS SO ORDERED**.